UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PERSADO INC. and PERSADO INTELLECTUAL PROPERTY LIMITED,<br><br>               Plaintiffs,<br><br>      -against-<br><br>JOHN DOE ACCOUNTHOLDER OF TWITTER ACCOUNT @PERSADOGO,<br><br>               Defendant. | 16 Civ.<br><br>**COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiffs Persado Inc. and Persado Intellectual Property Limited (collectively, "Persado" or "Plaintiffs"), by and through their undersigned attorneys Hoguet Newman Regal & Kenney, LLP, alleges as follows:

## NATURE OF THE CLAIM

1. This is an action for damages and injunctive relief under the Trademark Act arising from the misuse of the Twitter account @PersadoGo by a currently unknown party, which has been tweeting seemingly-random links and content, presumably generated automatically by a software program known as a "bot."

2. Persado is a technology and marketing company offering software platforms for improving the persuasive content of marketing messages using a combination of math, data, science and learning. Persado's self-service platform is called "Persado Go."

## PARTIES

3. Persado Inc. is a corporation incorporated in the State of Delaware. Its principal place of business is 11 East 26th Street, 15th Floor, New York, New York, 10010.

1

4. Persado Intellectual Property Limited is a United Kingdom private limited company with its place of business at Finsgate, 5-7 Cranwood Street, London, EC1V9EE, United Kingdom. Persado Intellectual Property Limited is a wholly-owned subsidiary of Persado UK Limited.

5. Persado Inc. and Persado UK Limited are both wholly-owned subsidiaries of Persado Holdings Limited, a registered private company registered in Jersey, Channel Islands.

6. Defendant John Doe Accountholder of Twitter Account @PersadoGo ("Defendant Doe") is the currently-unknown registrant and accountholder of the Twitter account @PersadoGo.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1121(a), as this is action arises under 15 U.S.C. §§ 1114, 1116, 1117, and 1125.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), as Persado operates out of this District and the harm of Defendant's infringement are felt here.

## BACKGROUND

**Persado, Persado Go, and the PERSADO marks**

9. Persado's platform assists brands by generating impactful, emotionally-engaging communications that inspire action. Persado's machine learning platform uses advanced algorithms to map emotions and generate language for digital direct response communications such as emails, web landing pages, mobile, push notifications, and social media.

10. Persado publicly launched "Persado Go," its self-service automated solution for customers on or about July 28, 2015. Prior to the formal launch, the impending release of "Persado Go" was announced by a Persado client at an industry event on or about June 17, 2015.

11. Persado Intellectual Property Limited holds the trademark registration for PERSADO, Reg. No. 4,808,880, which was registered on September 8, 2015 with a first use date of December 2012.

12. Persado Intellectual Property Limited also has two pending applications for PERSADO GO, Serial Nos. 86,795,802 and 86,795,795, which were both filed on October 22, 2015.

13. Persado currently holds and uses the Twitter account @Persado, and has done so since November 2012.

14. There are no other significant uses of the term "Persado" than Plaintiffs' business.

**The Infringing @PersadoGo Account**

15. On or about July 21, 2015, Defendant Doe registered the Twitter account @PersadoGo.

16. Over the first several weeks of the account's use, the first three tweets were:

   a. July 21, 2015: "I suck."

   b. July 22, 2015: "Meh."

   c. August 8, 2015: "Hey, I do stuff bad and charge more. Who loves me?"

17. Since August 28, 2015, @PersadoGo seems to have been connected to an automated Twitter bot and tweets random links several times each day.

18. At the time of the filing of this Complaint, the account @PersadoGo has five followers on Twitter, and is following 50 other accounts.

**FIRST CAUSE OF ACTION**
(Trademark Infringement under 15 U.S.C. § 1114
U.S. Registration No. 4,808,880 and U.S. Serial Nos. 86795802 and 86795795)

19. Plaintiffs repeat and reallege each and every allegation set forth above as if fully set forth herein.

20. Persado is the owner of U.S. Trademark Registration No. 4,808,880 for the mark PERSADO, issued September 8, 2015 in relation to "advertising and marketing services provided by means of indirect methods of marketing communications, namely, social media, search engine marketing, inquiry marketing, internet marketing, mobile marketing, blogging and other forms of passive, sharable or viral." The registration is in full force and effect.

21. Persado is the applicant for two registrations of the mark PERSADO GO, both filed on October 22, 2015. The first, U.S. Serial No. 86,795,802, is in relation to "providing temporary use of on-line non-downloadable software development tools for the development of customized messaging for use by businesses to their customers and clients." The second, U.S. Serial No. 86,795,795, is in relation to "copy writing services for others in the field of business; business consultation services in the field of persuasive messaging; direct marketing services; copy writing for advertising, commercial, and promotional purposes; custom writing services for non-advertising purposes."

22. Persado uses the PERSADO and PERSADO GO marks in its business to designate its services and products.

23. Persado has never abandoned use of any of these marks since their inception.

24. As early as June 17, 2015, and no later than July 28, 2015, Persado's intended and impending use of PERSADO GO to designate one of its product and service lines was known to the marketplace.

25. On or about July 21, 2015, Defendant Doe registered and began using the Twitter account handle @PersadoGo.

26. The first tweets sent by Defendant Doe using the @PersadoGo account, set forth in ¶ 16 above, strongly indicate that Defendant Doe was aware that it was infringing Plaintiffs' marks and intentionally confusing consumers, causing harm to Persado.

27. Defendant Doe's use of the unique phrase PersadoGo, consisting of Plaintiffs' mark PERSADO and pending application for the PERSADO GO mark constitutes willful and intentional trademark infringement of Persado's federally registered marks in violation of 15 U.S.C. § 1114. Said use by Defendant Doe, which is without Persado's permission, will continue to cause confusion, to cause mistake, or to deceive as to the source, sponsorship, or approval of the bizarre messages tweeted by Defendant Doe using @PersadoGo in that consumers are likely to believe that these messages are either originating with Persado or are in some way legitimately connected with Persado, all to Persado's reputational damage.

28. Defendant Doe's conduct complained of herein will cause substantial and irreparable damage to Persado if Defendant Doe is not permanently enjoined by this Court from further violation of Persado's rights and Persado has no adequate remedy at law.

**SECOND CAUSE OF ACTION**
**(False Designation of Origin and Unfair Competition under 15 U.S.C. § 1125(a))**

29. Plaintiffs repeat and reallege each and every allegation set forth above as if fully set forth herein.

30. Defendant Doe's use of the Twitter account @PersadoGo constitutes use in commerce of a device, or a false designation of origin, or a false or misleading description or representation, which will cause confusion, to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant Doe with Persado, or as to the origin, sponsorship, or

5

approval of Defendant Doe's messages, and Persado is likely to be damaged by Defendant Doe's use of such symbols or device, or false designation or origin, or false or misleading description or representation, all in violation of 15 U.S.C. § 1125(a).

31. Defendant Doe's conduct complained of herein will cause substantial and irreparable damage to Persado if Defendant Doe is not permanently enjoined by this Court from further violations of Persado's rights and Persado has no adequate remedy at law.

### THIRD CAUSE OF ACTION
**(Common Law Unfair Competition)**

32. Plaintiffs repeat and reallege each and every allegation set forth above as if fully set forth herein.

33. Defendant Doe's use of the Twitter account @PersadoGo constitutes palming off with respect to Defendant Doe's messages, which is likely to cause confusion, to cause mistakes, or to deceive as to the affiliation, connection, or association of Defendant Doe with Persado, or as to the origin, sponsorship, or approval of Defendant Doe's messages, and Persado is likely to be damaged by Defendant Doe's use of such mark in violation of the common law of the State of New York.

34. Upon information and belief, Defendant Doe acted with knowledge of Persado's rights and with intent.

35. Defendant Doe's conduct complained of herein will cause substantial and irreparable damage to Persado if Defendant Doe is not permanently enjoined by this Court from further violations of Persado's rights and Persado has no adequate remedy at law.

**WHEREFORE**, Plaintiffs respectfully demand judgment as follows:

a. On the First, Second, and Third Causes of Action, an order enjoining

Defendant Doe, its officers, directors, agents, attorneys, servants, employees, successors, and assigns, and all other persons in active concert or participation with them, and all those acting under the authority of or in privity with Defendant Doe from using in any manner whatsoever PERSADO or PERSADO GO alone or in combination with other words and/or symbols and/or colors as a trademark to advertise, promote, or identify the source of any goods or services offered by Defendant Doe;

      b.      On the First, Second, and Third Causes of Action, and order requiring that Defendant Doe transfer ownership and control of the Twitter account @PersadoGo to Plaintiffs;

      c.      On the First, Second, and Third Causes of Action, an order requiring Defendant Doe to compensate Root Four for the advertising or other expenses necessary to dispel, cure, or counteract any public confusion caused by Defendant Doe's unlawful acts;

      d.      On the First and Second Causes of Action, an award in the amount of Perado's compensatory damages in a sum equal to three (3) times the amount of Persado's actual damages pursuant to 15 U.S.C. § 1117;

      e.      On the First, Second, and Third Causes of Action, an award in the amount of Persado's costs, expenses, and attorneys' fees for bringing and prosecuting this action; and

      f.      Awarding Plaintiffs such other and further relief as the Court may deem necessary, just or appropriate.

Dated: New York, New York
March 22, 2016

        HOGUET NEWMAN REGAL & KENNEY, LLP

By: _____/s/ Marc Aaron Melzer_____
Marc Aaron Melzer (MM-0677)
10 East 40th Street
New York, New York 10016
Telephone: (212) 689-8808
Facsimile: (212) 689-5101

*Attorneys for Plaintiffs*